UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VIKAS VIKAS (A-Number: 246-625-960),

Petitioner,

v.

TODD BLANCHE, in his official capacity as Acting Attorney General, et al.,

Respondents.

No. 1:26-cv-06222-KES-CDB (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Doc. 1

Petitioner Vikas Vikas is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 3. The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal.

Dec. 21, 2025). The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 6.

Respondents maintain their position that "[d]etention in this case is pursuant to 8 U.S.C. § 1225(b)(2)(A)," but they acknowledge "that *Rodriguez Vazquez v. Bostock*, No. 25-6842, __ F.4th__, 2026 WL 2196424 (9th Cir. July 30, 2026), holds that § 1226(a) governs Petitioner's detention." *See* Doc. 8 at 1. The Ninth Circuit rejected respondents' statutory argument in *Rodriguez Vazquez*. Respondents also state that "[t]he cases cited by the Court in ECF No. 6 are not substantively distinguishable." Doc. 8 at 1. Respondents do not raise any argument that this Court has not considered in those prior decisions. Petitioner filed an opposition to respondents' response. Doc. 9.

For the reasons addressed in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the Court finds that petitioner's re-detention without a bond hearing violates due process.

In this case, that bond hearing should have been provided before petitioner was detained. "'[T]he root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut,* 401 U.S. 371, 379 (1971)); *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("Applying [the *Mathews*] test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty . . . ."). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general

rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)). Respondents do not identify any urgent circumstances in this case.[1]

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Vikas Vikas (A-Number: 246-625-960) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: August 16, 2026

UNITED STATES DISTRICT JUDGE

---

[1] Respondents' records reflect that petitioner was arrested *and released* pursuant to California Penal Code § 849(b)(2) on March 14, 2026. Doc. 8-2 at 4. That provision applies to individuals "arrested for intoxication only, and [where] no further proceedings are desirable." Cal. Penal Code § 849(b)(2).